UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES SELDERS (#254920)                                    CIVIL ACTION

VERSUS

ALVIN JONES, ET AL.                                        NO. 09-0881-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 26th day of January, 2010.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES SELDERS (#254920)                                         CIVIL ACTION

VERSUS

ALVIN JONES, ET AL.                                             NO. 09-0881-RET-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, James Selders, challenges his convictions and sentences, entered in 2004 pursuant to a guilty plea in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of forcible rape and one count of aggravated incest. He challenges the resulting concurrent 20-year sentences (with the first ten years to be served without benefit of probation, parole or suspension of sentence), complaining that (1) his guilty plea was involuntary, (2) the convictions are in violation of the prohibition against double jeopardy, and (3) the convictions were obtained through the violation of his privilege against self-incrimination.

Upon a review of the petitioner's application, it appears that he was initially charged with two counts of forcible rape and one count of aggravated incest in connection with allegations that he had engaged in sex on multiple occasions with his minor step-granddaughter. Pursuant to a plea agreement with the State, whereby the State agreed to withdraw one count of forcible rape and recommend concurrent sentences of twenty (20) years in connection with the remaining two counts (with the first ten (10) years to be served without the benefit of probation, parole or suspension of sentence), the petitioner withdrew his initial plea of not guilty and entered a plea of guilty to the referenced charges.

The petitioner appealed these convictions, asserting as a single assignment of error that his guilty plea was involuntary because he had believed that he would serve only ten (10) years in confinement in connection with the charges. On May 6, 2005, the Louisiana Court of Appeal for the First Circuit affirmed the convictions and sentences. The petitioner failed to seek review of this determination in the Louisiana Supreme Court. Accordingly, his convictions became final on or about May 20, 2005, upon expiration of the 14-day time limit allowed for seeking a rehearing in connection with the decision of the intermediate appellate court. See La.C.Cr.P. art. 922.

On or about June 3, 2005,[1] the petitioner filed an application for post-conviction relief in the state district court, asserting that the sentences were excessive and that his trial counsel rendered ineffective assistance by failing to request a pre-sentence investigation report prior to sentencing. On September 14, 2005, the trial court denied this application. The petitioner did not file a timely writ of supervisory review in the Louisiana Court of Appeal for the First Circuit relative to this determination. However, on or about June 29, 2006, he filed an untimely application for supervisory review, and this application was denied on September 5, 2006, with the appellate court explicitly citing State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996)(holding that a claim of excessive sentence may not be raised in an application for post-conviction relief). The petitioner's subsequent application for supervisory review in the Louisiana Supreme Court was denied on June 22, 2007. See State ex rel. Selders v. State, 959 So.2d 489 (La. 2007).

On or about July 12, 2007, the petitioner filed a second application for post-conviction relief,

---

[1] Under the "prison mailbox rule," a prisoner's pleadings are deemed filed when he delivers them to prison officials for mailing to the appropriate court." Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999). See also See Causey v. Cain, 450 F.3d 601 (5th Cir. 2006)(finding that, "the Louisiana Supreme Court has applied the prison mailbox rule with unfailing consistency as a matter of state law"); Terrick v. Cain, 2008 WL 4297064 (E.D. La. 2008)(holding that the prison mailbox rule is to be employed in ascertaining the filing date of a prisoner's state court pleadings in the context of determining the timeliness of his federal habeas corpus application). Applying this rule, the Court will utilize the dates indicated by the petitioner as the dates he signed his respective pleadings, which are the earliest dates that may reasonably be inferred to be the dates upon which he delivered his pleadings to prison officials for mailing.

contending that the convictions were in violation of the prohibition against double jeopardy. This application was denied in the trial court on January 2, 2008, and the petitioner's subsequent applications for supervisory review in the Louisiana appellate courts were also denied, with the Louisiana Court of Appeal for the First Circuit denying review on March 28, 2008, and with the Louisiana Supreme Court denying review on January 30, 2009, see State ex rel. Selders v. State, 999 So.2d 745 (La. 2009). In denying review, the Louisiana Supreme Court explicitly cited La. Code Crim. P. art. 930.8 (which provides a two-year time limitation for the filing of applications for post-conviction relief), and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995)(upholding a dismissal based upon article 930.8). In addition, the petitioner's application for rehearing in the Louisiana Supreme Court was denied on April 17, 2009, State ex rel. Selders v. State, 6 So.3d 783 (La. 2009).

On or about September 30, 2009, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1) and (2).  To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.  Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), citing Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In the instant case, the petitioner's conviction became final on direct appeal on or about May 20, 2005, upon expiration of the time allowed for seeking a rehearing in the intermediate appellate court and upon his failure to seek further review before the Louisiana Supreme Court.  The petitioner then allowed fourteen (14) days of un-tolled time to elapse prior to his filing of an application for post-conviction relief in the state district court on June 3, 2005.  See La.C.Cr.P. art. 922.  The time clock then remained tolled until September 14, 2005, on which date the state trial court denied the petitioner's post-conviction relief application.  Pursuant to Rule 4-3 of the Louisiana Uniform Rules, Courts of Appeal, the petitioner then had thirty (30) days within which to file a timely application for supervisory review before the Louisiana Court of Appeal for the First Circuit, absent being granted an extension of that period.  The petitioner did not meet this deadline and did not request an extension.  Accordingly, inasmuch as, upon passage of the allowable time to seek supervisory review in the intermediate appellate court, "a petitioner is not entitled to further appellate review, and therefore, he has no application 'pending' in the state court," Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001), his application ceased to be "pending" within the meaning of § 2244 on October 14, 2005, the last day upon which he could have timely sought review before the First Circuit Court.  Therefore, between October 14, 2005, and the date upon which the petitioner thereafter filed his untimely writ application with the First Circuit Court, June 29, 2006, two hundred fifty-eight (258) additional days of un-tolled time elapsed.  Thereafter, upon the denial of the petitioner's writ application in the Louisiana Supreme Court on June 22, 2007, and after that decision became final on July 6, 2007, upon the petitioner's failure to file a request for rehearing

in that court within fourteen (14) days, the petitioner waited until July 12, 2007, to file his second application for post-conviction relief in state court, thereby allowing an additional six (6) days of untolled time to elapse. Finally, it appears that after denial of a motion for rehearing on April 17, 2009, in the Louisiana Supreme Court in connection with the petitioner's second-filed application for post-conviction relief, he waited an additional one hundred sixty-six (166) days, until September 30, 2009, before filing his habeas corpus petition in this Court. Accordingly, it is clear that more than one year elapsed (444 days) during which the petitioner did not have pending any properly filed applications for post-conviction relief in the state courts. His petition in this Court, therefore, is time-barred pursuant to § 2244(d) and must be dismissed.

Finally, although this Court also has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case. Accordingly, the Court finds that the petitioner is not entitled to equitable tolling of the limitations period.

Further, in the alternative, it appears to this Court, in any event, that the petitioner's claims are not properly before this Court. In the first place, his first and third claims, i.e., that his guilty plea was involuntary and that his convictions were obtained through violation of his right against self-incrimination, have not been exhausted through the state courts. Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust state court remedies regarding his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when the petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. Bufalino v. Reno, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

A district court may notice on its own motion a petitioner's failure to exhaust state court

remedies. McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984)(en banc). In the instant case, it appears clear from a review of the record that the petitioner has not exhausted state court remedies relative to the referenced two claims as mandated by federal statute. Specifically, although he asserted his claim of the involuntariness of his guilty plea on direct appeal before the Louisiana Court of Appeal for the First Circuit, he failed to thereafter pursue review of this claim in the Louisiana Supreme Court. And with regard to his claim relative to self-incrimination, this claim does not appear to have been explicitly asserted in any of his state court pleadings. Accordingly, it is clear that the petitioner has failed to exhaust state court remedies relative to these claims, and his application in this Court is subject to dismissal for this reason.

Further, it appears that the petitioner's second claim, of the violation of his right to be protected against double jeopardy, although technically exhausted, is subject to dismissal by reason of procedural default. In this regard, it appears that although the petitioner raised this claim in his second application for post-conviction relief in the state courts, this claim was ultimately rejected by the Louisiana Supreme Court as untimely under state law, in express reliance on La. Code Crim. P. art. 930.8, which provides for a two-year time limitation upon the filing of applications for post-conviction relief. Accordingly, the last state court to address the petitioner's claim in this regard clearly relied on a state procedural rule in denying consideration thereof.

When a state court decision to deny post-conviction relief rests on a state procedural ground that is independent of the federal question raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the petitioner's federal claims. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Moore v. Roberts, 83 F.3d 699 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court readline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." Coleman, supra, 501 U.S. at 729-730, 111 S.Ct. at 2554:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Id. at 731-32, 111 S.Ct. at 2554-55 (quoting Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)); Moore, supra, at 703. This rule applies even if the state court addresses the substance of the claim in the alternative. Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); Fisher v. State, 169 F.3d 295, 300 (5th Cir. 1999).

For the independent and adequate state ground doctrine to apply, the state court adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state procedural rule. Moore, supra, at 702; Sones v. Harbett, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Id. The petitioner can rebut this presumption only by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by (1) demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, supra, 501 U.S. at 750, 111 S.Ct. at 2565; Moore, supra, at 702. The petitioner has made no attempt to satisfy these showings. Accordingly, this Court is precluded from considering this claim as well.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255, "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although the petitioner has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895 (5th Cir. 2000). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. In cases where the Court has rejected

the petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  In the instant case, the Court finds that reasonable jurists could not debate the denial of the petitioner's § 2255 application, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability should be denied.

Baton Rouge, Louisiana, this 26th day of January, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE